LOURIE, Circuit Judge,
concurring in part and dissenting in part.
I concur in the majority’s decision to affirm the district court’s decision that GTE Laboratories, GTE Service Corporation, and GTE Communications Corporation (collectively “GTE”) are not liable for post-2005 infringement. Respectfully, I dissent from its conclusion that the case needs to be remanded for further consideration of Beriont’s claim concerning the effect of possible shop rights on pre-2005 activity.
Beriont was an engineer employed by GTE. U.S. Patent 5,920,802 (“the '802 patent”) issued on July 6, 1999, in the name of Beriont and Bellows as co-inventors and was assigned “on its face” to GTE. '802 patent, at [73]. It is not surprising that an employed engineer assigned his invention to his employer. Not only was the patent assigned on its face to GTE, but the majority opinion notes that that recitation was both supported by a general assignment agreement in the record and verified by a judgment regarding assignment against Beriont, effective January 23, 2002, and recorded in the Patent Office on February 25, 2002. See Majority Op. at 924-26 (citing R.A. 105 and USPTO Assignment Abstract of Title Database Reel/ Frame No. 012641/0723). Thus, GTE apparently had ownership of the patent and was free to engage in all activities within the scope of the patent (pre-2005), free from any claims of infringement by Ber-iont (or, as far as we know, anyone else).
Beriont and GTE later entered into a dispute concerning the assignment and *928 joint inventorship of the patent. That dispute was settled in 2005 by, inter alia, an agreement that ownership of the patent would be joint, at least as between Beriont and GTE. It is well settled that a co-owner of a patent need not account to other co-owners and is free to practice the co-owned patent without liability to any other co-owner. 35 U.S.C. § 262; see Schering Corp. v. Roussel-UCLAF SA, 104 F.3d 341, 344 (Fed.Cir.1997). The fact that GTE now only co-owned the patent, rather than having full ownership, should not have affected its right to be free of claims of liability both pre- and post-2005. If there was a concern over that point on the part of Beriont, that would have been a matter to be settled in the agreement, and it was apparently not.
Because GTE is free to practice the patent pre-2005 as well as post-2005,1 see no reason to remand for further exploration of the shop rights issue. GTE owned the patent, so it did not need to rely on shop rights.
The majority opinion states “[cjuriously, neither party addressed this document [the general assignment] in its briefing before this court (even though it was a crucial part of GTE’s declaratory judgment action in state court), nor did either party do so below.” Majority Op. at 925. In any event, in my view, the decision on appeal can be affirmed without remand. See Fromson v. Advance Offset Plate, Inc., 755 F.2d 1549, 1556 (Fed.Cir.1985) (“This court reviews judgments, not opinions.”); Stratoflex, Inc. v. Aeroquip Corp., 713 F.2d 1530, 1540 (Fed.Cir.1983) (“We sit to review judgments, not opinions.”).
According, I respectfully dissent from the majority’s decision to remand the case for further consideration of shop rights.